UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Preservation Burlington, )
Karyn Norwood, and Liisa Riemann, )
 )
   Plaintiffs, )
 )
v. ) Civ. No. 2:23-CV-39
 )
Cathedral of the Immaculate Conception )
Parish Charitable Trust and City of )
Burlington, )
 )
   Defendants. )

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiffs Preservation Burlington, Karyn Norwood, and Liisa Riemann move under F.R.Civ.P. 65(a) for a preliminary injunction to enjoin Defendants from demolishing or damaging the former Cathedral of the Immaculate Conception or its landscaping until Plaintiffs' Establishment Clause claim is resolved by this Court. If Plaintiffs' motion cannot be heard and decided before February 17, 2023, Plaintiffs move for a temporary restraining order under F.R.Civ.P. 65(b) until the application for a preliminary injunction can be adjudicated.

This motion is based on the following grounds:

1. Defendant City of Burlington, by its Development Review Board ("DRB"), issued a zoning permit ("Permit") to the Defendant Cathedral of the Immaculate Conception Parish Charitable Trust ("Trust") on January 17, 2023, to demolish the former cathedral at 20 Pine Street. *See* Ex. 1. The Permit becomes effective 30 days from issuance, or February 17, 2023.

2. In issuing the Permit, the DRB acknowledged that the former cathedral and grounds are "a significant property within the city's downtown" which, among

other things, has been: 1) identified in a 2010 *Survey of Modern Architecture in Burlington*; 2) recognized by articles in national publications, including *Architectural Record* and *Architecture and Urbanism*; and 3) determined to be eligible or listing on the State and National Registers of Historic Places as a property of "exceptional importance" by the Vermont Division for Historic Preservation, the Vermont Agency of Transportation, and the Federal Transit Administration

3. In issuing the Permit, the DRB also stated that the Trust's zoning request did not meet the requirements of Article 14 of the Burlington Comprehensive Development Ordinance, but found that it was prohibited from applying such requirements under 24 V.S.A. §4413. According to the DRB, section 4413 exempts "churches and other places of worship, convents, and parish houses" from such review.

4. The former Cathedral of the Immaculate Conception has not been used for worship services since 2018. On December 8, 2018, it was formally and officially deconsecrated as a place of worship. Its altar, tabernacle lamp, and a portion of the confessional were subsequently removed, precluding its use to celebrate Mass. The former cathedral has been fenced off and vacant for the last four years. Based on representations by the Trust, the DRB found that, following demolition, "[n]o development would remain on the lot, nor would there be any use."

5. Plaintiffs allege that, in exempting even deconsecrated buildings from neutral zoning requirements with which secular property owners must comply, 24 V.S.A. §4413 favors religious over non-religious uses in violation of the Establishment Clause of the First Amendment. Absent intervention by this Court before February 17, 2023, Plaintiffs face the prospect that their claim will become moot by virtue of the demolition of the former cathedral.

6. The purpose of a preliminary injunction is "to prevent legal harm and preserve the status quo until the determination of the action." *Jordache Enterprises, Inc., v. Levi Strauss & Co.*, 841 F.Supp. 506, 521 (S.D.N.Y. 1993). The standard for such relief in the Second Circuit "calls for a showing of (a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of

hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 247, 250 (2d Cir. 1973). This Court has routinely applied the *Jackson Dairy* test. *See, e.g., Jones v. Nat'l Conf. of Bar Examiners*, 401 F.Supp.2d 270 (D.Vt. 2011) (granting preliminary injunction in civil rights claim by disabled law student).

7. Plaintiffs will suffer irreparable harm absent injunctive relief to prevent the Trust from demolishing the former cathedral while their claim is adjudicated. As the court said in *Able v. United States*, 847 F.Supp. 1038, 1043 (E.D.N.Y. 1994), the "possible violation of constitutional rights constitutes irreparable harm." *See also*, *Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm.").

8. In addition to the irreparable harm which will be suffered by Plaintiffs, the public interest will also be harmed by the demolition of an acclaimed and irreplaceable masterpiece of modern architecture without zoning review. The public interest is recognized by the Burlington zoning ordinance, which states that "[t]he City seeks to preserve, maintain, and enhance those aspects of the city having historical, architectural, archaeological, and cultural merit." Burlington Comprehensive Development Ordinance, § 5.4.8. As the ordinance, preservation is important "[t]o promote a sense of community based on understanding the city's historic growth and development, and maintaining the city's sense of place by protecting its historic and cultural resources." *Id.* The ordinance is designed "[t]o promote the adaptive re-use of historic buildings and sites," rather than their demolition.

9. The Plaintiffs' legal claim presents a sufficiently serious question going to the merits to make it a fair ground for litigation. Although the constitutionality of the Vermont exemption has never been challenged or decided, former Supreme Court Justice John Paul Stevens has expressed the view that an exemption for religious institutions from a generally applicable neutral zoning law violates the Establishment Clause. *See City of Boerne v. Flores*, 521 U.S. 507, 537 (1997) (Stevens, J., concurring). In the words of Justice Stevens, such a statute:

provide[s] the Church with a legal weapon that no atheist or agnostic can obtain. This governmental preference for religion, as opposed to irreligion, is forbidden by the First Amendment. *Id.* (citing *Wallace v. Jaffree*, 472 U.S. 38, 52-55).

Justice Stevens' reasoning has also been endorsed in the academic literature. *See, e.g.,* Comment, *Establishing A Buffer Zone: The Proper Balance Between the First Amendment Religion Clauses in The Context of Neutral Zoning Regulations*, 149 U.Penn.L.Rev. 1507 (2001).

9. The balance of hardships in this case tips decidedly in favor of Plaintiffs. Allowing the demolition to proceed will deprive Plaintiffs of the ability to vindicate their First Amendment rights, and it will permanently deprive both Plaintiffs and the public of an irreplaceable architectural landmark. By contrast, Defendants Trust and the City of Burlington will suffer no harm if demolition is delayed. The former cathedral has sat vacant and fenced off for the last four years, and the Trust has represented that, following demolition, it has no use planned for the property.

## Conclusion

For the reasons stated above, Plaintiffs respectfully submit that they are entitled to preliminary injunctive relief and, if necessary, a temporary restraining order before February 17, 2023, to prevent the Trust from demolishing the former cathedral at 20 Pine Street until Plaintiffs' legal claim can be resolved.

Dated: February 13, 2023
Burlington, Vermont

PLAINTIFFS

Preservation Burlington

By: _____
Ron Wanamaker, President

Karyn Norwood

*[signature]*

Liisa Reimann

*[signature]*